HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBIE L. VANN,<br><br>    Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY SUPERIOR COURT OF WASHINGTON,<br><br>    Defendant. | CASE NO. C13-5635 RBL<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S APPLICATION FOR COURT APPOINTED COUNSEL<br><br>(DKTS. #1 AND #2) |

  THIS MATTER is before the Court on Plaintiff Bobbie Vann's application to proceed *In Forma Pauperis* [Dkt. #1] and her application for court-appointed counsel. [Dkt. #2]. The Court denies both applications.

**A.** **Application to Proceed *In Forma Pauperis*.**

  A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS AND
DENYING PLAINTIFF'S APPLICATION FOR
COURT APPOINTED COUNSEL - 1

1  action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
2  (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*
3  complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*
4  *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
5  1984).

6      Vann's proposed Complaint is almost indecipherable, but it appears to be based on the
7  fact that Pierce County Superior Court Judge Garold E. Johnson ruled against her in a tort claim
8  where she was the plaintiff (Cause Number 1-2-0578-1).  She apparently claims the Judge should
9  have allowed the case to go to a jury and did not, and takes issue with the Judge's determination
10 that she did not provide sufficient evidence of her claimed injuries.

11     It is well-settled that judges enjoy absolute judicial immunity from civil suit for judicial
12 acts taken within the scope of their jurisdiction.  *Pierson v Ray*, 386 U.S. 547, 553-54 (1967);
13 *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978).

14     Because Vann's proposed complaint is frivolous on its face, her application to proceed
15 IFP is **DENIED**.

16 B.    **Application for Court Appointed Counsel.**

17     Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person
18 unable to afford counsel.  Under §1915, the court may appoint counsel in exceptional
19 circumstances.  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional
20 circumstances, the court must evaluate the likelihood of success on the merits and the ability of
21 the petitioner to articulate the claims pro se in light of the complexity of the legal issues
22 involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

23

24

1   Because the Judge has absolute judicial immunity as a matter of law, Vann cannot meet
2 her burden of showing any likelihood of success on the merits.  Her application for court
3 appointed counsel is **DENIED**.

4   Further, because of the inherent flaws in this claim, the Court will dismiss it *sua sponte* if
5 the Plaintiff pays the filing fee and attempts to bring this case absent IFP status.

6   IT IS SO ORDERED.

7   Dated this 12th day of September, 2013.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE